Rodrigo **IMPORTANTE**, Plaintiff—
Appellant,

v.

**COUNTY OF LOS ANGELES; Thomas J. Garcia; Joe Carrillo, individually and in their capacities as detectives with the Los Angeles County Sheriff's Department, Defendants—Appellees.**

No. 04–55099.
D.C. No. CV–02–08365–SJO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Jan. 11, 2006.

William T. Wisenhunt, Thever & Associates, Alison M. Turner, Cynthia E. Tobisman, Greines Martin Stein & Richland, LLP, Los Angeles, CA, for Defendants—Appellees.

Before PREGERSON and CLIFTON, Circuit Judges, and HICKS,* District Judge.

## MEMORANDUM**

### I. BACKGROUND

Rodrigo Importante appeals the district court's entry of summary judgment in favor of defendants Los Angeles County, Detective Thomas J. Garcia, and Detective Joe Carrillo. Importante seeks money damages on the basis that officers of the Los Angeles County Sheriff's Department ("officers") unlawfully searched his residence, damaged his property, and unreasonably detained him, and that his constitutional injury arose from a departmental policy or custom. For the reasons set forth below, we affirm.

We have jurisdiction over this matter under 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment *de novo* with all facts read in the light most favorable to the non-moving party. *Yakutat, Inc. v. Gutierrez,* 407 F.3d 1054, 1066 (9th Cir.2005). We determine whether there are any genuine issues of material fact and whether the district court correctly applied relevant substantive law. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004).

Louis P. Dell, Law Office of Louis P. Dell, Los Angeles, CA, for Plaintiff—Appellant.

* The Honorable Larry R. Hicks, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

742

## II. DISCUSSION

### A. The Search of Importante's Residence Complied with the Fourth Amendment

■ First, Importante seeks money damages pursuant to 42 U.S.C. § 1983, alleging that officers searched his residence in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Importante contends that the search warrant for his residence was issued without a showing of probable cause, and that the magistrate issuing the warrant improperly relied on the unsubstantiated tip of a confidential informant in making the probable cause determination. His argument fails.

Probable cause is established if, taking into account all of the circumstances presented in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Where probable cause depends upon the tip of a confidential informant, the magistrate should inquire "whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability and basis of knowledge for the tip." *United States v. Elliott,* 322 F.3d 710, 715 (9th Cir.2003) (citation omitted). The level of reliability may be established by averments that an informant has provided reliable tips in the past. *See United States v. Shipstead,* 433 F.2d 368, 372 (9th Cir.1970). This court will accord deference to the magistrate's probable cause determination. *See United States v. Meek,* 366 F.3d 705, 712 (9th Cir.2004).

Importante's Fourth Amendment claim is foreclosed by the undisputed facts in this case. The confidential informant in

the case at bar had "on several previous occasions" provided officers with reliable information leading to arrests and the seizure of narcotics. The magistrate reasonably concluded, on the basis of particularized information provided by the informant, that there was a fair probability that a search of Importante's home would yield contraband or evidence of a crime. Because there is no dispute as to any issue of material fact relating to the probable cause determination and the legality of the search, entry of summary judgment for all defendants was proper as to Importante's claim under 42 U.S.C. § 1983.[1]

### B. Importante's One–Hour Detention During the Search Was Permissible

■ Second, Importante seeks money damages alleging that his detention during the course of the search constituted unlawful imprisonment and false arrest. The Supreme Court has held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (footnotes omitted). This court has interpreted *Summers* to mean that, "while detentions of occupants during the period of a search will under most circumstances prove to have been reasonable, a detention may be unreasonable in a particular instance either because the detention itself is improper or because it is carried out in an unreasonable manner." *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994).

The facts pertaining to the manner in which the search was conducted are not in

---

1. Similarly, we affirm the grant of summary judgment on the parallel state claim in Count Five, which is subject to the same reasonable-ness standard. *See Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal.4th 1, 29, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994).

dispute. Because we agree with the district court's conclusion that Importante was detained during the execution of the search in an eminently reasonable manner, we agree that entry of summary judgment for all defendants was proper as to Importante's claims for unlawful imprisonment and false arrest.

### C. *Importante Did Not Show Damage to Property*

■ Third, Importante seeks money damages for alleged damage to his property in the course of the search. His complaint, however, did not specify any item that was damaged during the search, and he later acknowledged that "[a]lthough property in the residence was examined during the search, it was not destroyed or damaged in any way." There is no genuine issue of material fact as to this claim, and all defendants were entitled to judgment as a matter of law. Accordingly, summary judgment for all defendants was appropriate.

### D. *Absent a Constitutional Deprivation, Importante's* Monell *Claim Must Fail*

■ Fourth, Importante seeks money damages from Los Angeles County and the Los Angeles County Sheriff's Department on a *Monell* theory under 42 U.S.C. § 1983. *See Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Importante alleges that both the County and the Sheriff's Department developed and maintained policies or customs exhibiting deliberate indifference to his constitutional rights. Because we concluded above that Importante suffered no constitutional injury, his claim

for damages from the County and the Sheriff's Department under *Monell* is foreclosed. *See Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (holding that the mere existence of a policy or custom that disregards constitutional rights cannot support money damages absent a showing of individualized constitutional injury at the hands of the police).[2]

### III. CONCLUSION

Because Importante's claims are easily disposed of on the merits, we do not reach the affirmative defenses raised by Detectives Carrillo and Garcia.[3] There are no genuine issues of material fact in dispute, and the district court correctly applied relevant substantive law as to all claims.

Accordingly, the district court's entry of summary judgment is

**AFFIRMED.**

**Anahit DAVTIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73960.**

United States Court of Appeals,
Ninth Circuit.

---

**2.** Importante's *Monell* claim also fails because he has not produced any evidence that the County or the Sheriff's Department had a policy or custom giving rise to constitutional deprivations.

**3.** The record supports the district court's conclusion that Detective Carrillo was wrongly named as a defendant in this action. We, like the district court, do not have occasion to reach the question of whether Detective Gar-

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Margot L. Nadel, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

cia is entitled to qualified immunity for his actions.

